**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| DARANTAE CARTER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:21-CV-121 (LAG) |
| | : | |
| WARDEN SHAWN EMMONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Defer Consideration of Defendants' Motion for Summary Judgment (Doc. 47). For the reasons below, Plaintiff's Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

On September 3, 2021, Plaintiff filed a Complaint (Doc. 1) alleging violations of Plaintiff's Eighth Amendment rights pursuant to 42 U.S.C. § 1983. Defendants filed their Answer (Doc. 12) on December 6, 2021. The Court issued its Scheduling and Discovery Order, with discovery to be complete by September 16, 2022, and dispositive motions due by October 17, 2022. (Doc. 16). At the Parties request, the discovery deadline was extended twice and, subsequently, discovery was stayed for over a year to allow Plaintiff to file an amended complaint. (*See* Docket). After the case was reassigned, the Court issued an order to show cause in August 2024 requiring Parties to update the Court on the status of the case. (Doc. 24).

On October 17, 2024, the Court granted Plaintiff's motion to amend the complaint and lifted the stay. (Doc. 30). On October 31, 2024, Defendants filed their Answer (Doc. 32) to the Amended Complaint (Doc. 31). Another period of discovery ensued with a September 15, 2025 deadline and dispositive motions due by October 15, 2025. (Doc. 35). Parties, subsequently, requested two additional extensions to complete

discovery and file dispositive motions. (Docs. 36, 41). Discovery was to be completed by February 12, 2026, and dispositive motions were due March 16, 2026. (Docs. 42). Defendants filed a motion for summary judgment on March 16, 2026. (Doc. 43). On April 2, 2026, the Clerk of Court granted an extension pursuant to Local Rule 6.2, extending Plaintiff's response deadline to April 20, 2026. (Doc. 44). Counsel for Plaintiff requested an additional extension to respond to the motion for summary judgment because they were in trial and had several other litigation deadlines in other cases. (Doc. 45). The Court granted the extension for the response deadline, providing counsel with the requested 14-days, setting the response deadline for May 4, 2026. (Doc. 46).

On the due date for Plaintiff's response to the motion for summary judgment, the instant Motion was filed. (Doc. 47). Counsel for Plaintiff asserts that the information initially subpoenaed from Defendant Emmons and subsequently subpoenaed from Georgia Department of Corrections on December 5, 2025, was never received. (*Id*. ¶ 2; Doc. 47-2). Because of the non-response from Georgia Department of Corrections, Plaintiff asserts that a response to the motion for summary judgment would be incomplete because the documents "that should have been produced . . . are critical to Plaintiff's response[.]" (Doc. 47 ¶ 7). Plaintiff requests the Court re-open discovery, for 45-days, for the limited purpose of obtaining the information and documents previously requested from Georgia Department of Corrections. (*Id.* ¶ 6). Plaintiff further requests the Court defer consideration of the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d), so Plaintiff can respond once all discovery is received. (*Id.* ¶ 5).

Plaintiff conferred with Defendants about the response extension but did not ask about deferring consideration and reopening discovery. (*Id.* ¶ 8). Defendants did not object or otherwise respond to the Motion. (*See* Docket). On June 12, 2026, Counsel for Plaintiff filed an "Affidavit in Support" of the Motion. (Doc. 49). The Affidavit, summitted pursuant to Rule 56(d), declares counsel for Plaintiff has not changed throughout this litigation, the subpoena served on non-party Georgia Department of Corrections on December 5, 2025 garnered no response from the non-party, and counsel's "good faith belief that the documents that the non-party failed to produce in response to said subpoena involve facts

essential for Plaintiff to justify his opposition to Defendants' [m]otion for [s]ummary [j]udgment . . . ." (*Id.* ¶ 7).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(d), when the nonmovant party to a motion for summary judgment "cannot present facts essential to justify its opposition" because a third-party failed to respond to a subpoena, the court may defer consideration of the summary judgment motion, allow time for the nonmovant party to take discovery, or "issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) requires the "nonmovant [to] show[] by affidavit or declaration that, . . . it cannot present facts essential to justify its opposition . . . ." With the filing of the Affidavit, Plaintiff has satisfied Rule 56(d)'s requirement. (Doc. 49). Plaintiff attached to the Motion, Defendant Emmon's response to Plaintiff's first request for production of documents (Doc. 47-1) and the subpoena for Georgia Department of Corrections to produce documents (Doc. 47-2), confirming Plaintiff's effort to obtain the information needed to oppose Defendants' summary judgment motion. Upon review of the motion for summary judgment (Doc. 45), the Affidavit (Doc. 49) and the Motion's exhibits (Docs. 47-1, 47-2), it appears the documents subpoenaed may provide Plaintiff with records that could refute certain suppositions asserted in the summary judgment motion. Thus, the Court finds good cause to reopen discovery for the limited purpose of allowing "Plaintiff to ensure that the Georgia Department of Corrections [] properly respond[s] to the aforementioned subpoena or secure such responses to the same." (Doc. 47 ¶ 6).

## CONCLUSION

Accordingly, Plaintiff's Motion (Doc. 47) is **GRANTED**. Plaintiff shall have **45 days** from the date of this Order to complete the limited discovery requested above and to file a response to the pending Motion for Summary Judgment. Defendants will have **14 days** thereafter to file a reply. *See* M.D. Ga. L.R. 7.3. The motion will be considered ripe in **60 days** from the date of this Order. This case has been languishing, and the discovery phase has spanned years without a change in counsel for Plaintiff. Absent exceptional circumstances, the Court will not grant future extensions in this matter.

3

**SO ORDERED**, this 8th day of July, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**